UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BRECEDA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES D. HARTLEY,<br><br>　　　　Respondent. | 1:11-cv-00752-SMS-HC<br><br>ORDER DISMISSING THE PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER (Doc. 1)<br><br>**DEADLINE: THIRTY (30) DAYS**<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 17, 2011 (doc. 7). Pending before the Court is the petition, which was filed on April 28, 2011, and transferred to this division on May 11, 2011.

　I.　Screening the Petition

　　Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II. The Allegations of the Petition

Petitioner alleges that he is an inmate of the Avenal State Prison serving a sentence of five (5) years imposed in the Tulare County Superior Court for having been convicted of violating Cal. Pen. Code §§ 288A and 288. (Pet. 1.) Petitioner entered a plea of nolo contendere to the charges. (Pet. 1.)

Petitioner admits that he did not appeal from the judgment of conviction, but he did file a petition for writ of habeas corpus in the California Supreme Court. (Pet. 1.)

Petitioner alleges that his Sixth and Fourteenth Amendment right to counsel and his rights protected by the Equal Protection clause of the Fourteenth Amendment were violated when Petitioner, who had not been advised of his right to counsel, was interviewed without counsel by a probation officer at a "Probation Report Interview" pursuant to Cal. Pen. Code 1203. (Pet. 5.) Petitioner alleges that he had informed the officer that he did not want to continue the interview without counsel; further, Petitioner did not waive his right to counsel. However, the probation officer continued the interview and documented and completed a probation report. Petitioner contends that the conviction is void for want of jurisdiction.

## III. Failure to State a Cognizable Claim

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of

habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Petitioner alleges denial of the right to counsel based on either the absence of counsel, or an effective waiver thereof, at an interview with a probation officer that resulted in a report. Petitioner does not identify the point of the criminal proceedings at which the interview occurred.

The Sixth and Fourteenth Amendments guarantee the right to counsel only at critical stages of the criminal proceedings, which are the points where substantial rights of the accused may be affected. Kirby v. Illinois, 406 U.S. 682, 690 (1972); Mempa v. Rhay, 389 U.S. 128, 134 (1967). A denial of the Sixth and Fourteenth Amendment right to counsel can result in reversal only if the absence of counsel occurred at a critical stage in the adversary proceedings; if the stage was not critical, then there can be no constitutional violation. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (no deprivation of the effective assistance of counsel could have occurred because there was no constitutional right to counsel in proceedings for discretionary state post-conviction review).

A post-guilty plea, pre-sentence interview in a non-capital case has been held not to be a critical stage of trial. United States v. Benlian, 63 F.3d 824, 827-28 (9th Cir. 1995) (citing cases from other circuits).

4

Petitioner has not stated specific facts concerning the stage of the proceedings in the instant case or other circumstances that would indicate that the absence of counsel occurred at a critical stage of the proceedings.

Further, in order to demonstrate the absence of effective assistance of counsel, it is generally required that the petitioner show that the absence of counsel resulted in prejudice to the petitioner. <u>Strickland v. Washington</u>, 466 U.S. 668, 691-92 (1984); <u>United States v. Cronic</u>, 466 U.S. 648, 658 (1984). The exceptional cases involve a complete denial of counsel, an entire failure of counsel to subject the prosecution's case to meaningful adversarial testing, or circumstances such that no attorney could provide effective assistance. <u>United States v. Cronic</u>, 466 U.S. 648, 659-60.

Here, Petitioner has not stated any specific facts indicating any prejudice to Petitioner or any exceptional circumstances that would render inapplicable the requirement of showing that prejudice resulted from the absence of counsel.

Accordingly, Petitioner has failed to state specific facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254.

However, it is logically possible that Petitioner could state specific facts that, if true, would entitle him to relief. Therefore, the petition will be dismissed with leave to file a first amended petition.

IV.   <u>Amendment of the Petition</u>

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a

5

first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:   May 26, 2011**                    /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE