UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON BRECEDA, | ) | 1:11-cv—00752-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE FIRST |
| | ) | AMENDED PETITION WITHOUT LEAVE TO |
| | ) | AMEND (DOC. 11) |
| v. | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| JAMES D. HARTLEY, | ) | CERTIFICATE OF APPEALABILITY AND |
| | ) | DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) | CASE |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 17, 2011 (doc. 7). Pending before the Court is the first amended petition (FAP), which was filed on June 24, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. The Allegations of the First Amended Petition

Petitioner alleges that he is an inmate of the Avenal State Prison serving a sentence of five (5) years imposed in the Tulare

1 County Superior Court for having been convicted of violating Cal.
2 Pen. Code § 288(a). (FAP 1.)  Petitioner entered a plea of nolo
3 contendere to the charges. (Id.)  Petitioner alleges that his
4 Sixth and Fourteenth Amendment right to counsel and his rights
5 protected by the Equal Protection Clause of the Fourteenth
6 Amendment were violated when Petitioner, who had not been advised
7 of his right to counsel, was interviewed without counsel by a
8 probation officer at a "Probation Report Interview" pursuant to
9 Cal. Pen. Code 1203. (Id. at 5.)  Petitioner alleges that he had
10 informed the officer that he did not want to continue the
11 interview without counsel; further, Petitioner did not waive his
12 right to counsel.  However, the probation officer continued the
13 interview and documented and completed a probation report.
14 Petitioner contends that the conviction is void for want of
15 jurisdiction. (Id.)  Petitioner does not allege any facts
16 concerning the content or effect of the probation report on his
17 sentence.

18     III.  Failure to State a Cognizable Claim

19     Because the petition was filed after April 24, 1996, the
20 effective date of the Antiterrorism and Effective Death Penalty
21 Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh
22 v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
23 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

24     A district court may entertain a petition for a writ of
25 habeas corpus by a person in custody pursuant to the judgment of
26 a state court only on the ground that the custody is in violation
27 of the Constitution, laws, or treaties of the United States. 28
28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

1  375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13,
2  16 (2010) (per curiam).
3     Petitioner alleges denial of the right to counsel based on
4  either the absence of counsel, or an effective waiver thereof, at
5  an interview with a probation officer that resulted in a report.
6  Petitioner states that the interview occurred after he entered
7  his plea but before sentencing. (FAP 3, 5-6.)
8     The Sixth and Fourteenth Amendments guarantee the right to
9  counsel only at critical stages of the criminal proceedings,
10 which are the points where substantial rights of the accused may
11 be affected. <u>Kirby v. Illinois</u>, 406 U.S. 682, 690 (1972); <u>Mempa
12 v. Rhay</u>, 389 U.S. 128, 134 (1967). A denial of the Sixth and
13 Fourteenth Amendment right to counsel can result in reversal only
14 if the absence of counsel occurred at a critical stage in the
15 adversary proceedings; if the stage was not critical, then there
16 can be no constitutional violation. <u>Wainwright v. Torna</u>, 455
17 U.S. 586, 587-88 (1982) (no deprivation of the effective
18 assistance of counsel could have occurred because there was no
19 constitutional right to counsel in proceedings for discretionary,
20 state post-conviction review).
21    A post-guilty plea, pre-sentence interview in a non-capital
22 case has been held not to be a critical stage of trial. <u>United
23 States v. Benlian</u>, 63 F.3d 824, 827-28 (9th Cir. 1995) (citing
24 cases from other circuits). Thus, absence or denial of counsel
25 at a post-plea, pre-sentence probation interview in Petitioner's
26 case cannot constitute a violation of Petitioner's right to
27 counsel.
28    Further, in order to demonstrate the absence of effective

4

1 assistance of counsel, it is generally required that the
2 petitioner show that the absence of counsel resulted in prejudice
3 to the petitioner. Strickland v. Washington, 466 U.S. 668, 691-
4 92 (1984); United States v. Cronic, 466 U.S. 648, 658 (1984).
5 The exceptional cases involve a complete denial of counsel, an
6 entire failure of counsel to subject the prosecution's case to
7 meaningful adversarial testing, or circumstances such that no
8 attorney could provide effective assistance. United States v.
9 Cronic, 466 U.S. 648, 659-60.

10     Here, Petitioner has not stated any specific facts
11 indicating any prejudice to Petitioner or any exceptional
12 circumstances that would render inapplicable the requirement of
13 showing that prejudice resulted from the absence of counsel.

14     Petitioner relies on federal court authority recognizing a
15 right to counsel at pre-sentence probation interviews as a matter
16 of federal courts' supervisory powers over federal criminal
17 cases. See, e.g., United States v. Herrera-Figueroa, 918 F.2d
18 1430 (9th Cir. 1992). However, holdings based on federal
19 supervisory power which do not purport to interpret any provision
20 of the Constitution do not set forth rules applicable to state
21 court proceedings; thus, they are not relevant to a determination
22 under 28 U.S.C. § 2254(d)(1). Early v. Packer, 537 U.S. 3, 10
23 (2002).

24     It is concluded that Petitioner has failed to state specific
25 facts showing a violation of the right to counsel that would
26 entitle him to relief in a proceeding pursuant to 28 U.S.C.
27 § 2254.

28     Petitioner's initial petition suffered from essentially the

5

same defects as his FAP, and Petitioner was given an opportunity to amend the petition.  However, Petitioner alleged no new facts in the FAP that tend to state a tenable claim for relief based on the Sixth and Fourteenth Amendment right to counsel.

It is thus concluded that it would be futile to grant further leave to amend the petition to state a claim concerning the right to counsel.  The claim will be dismissed without leave to amend.

    IV.  Equal Protection

Petitioner alleges generally that the absence or denial of counsel at his post-plea, pre-sentence interview denied him the equal protection of the laws guaranteed by the Fourteenth Amendment.  With respect to this claim, Petitioner does not allege any specific facts in addition to those previously summarized.

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  Petitioner can establish an equal protection claim by showing that he was intentionally discriminated against based on his membership in a protected class.  See, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Petitioner can also establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment.  See, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008).

In this case, Petitioner fails to allege or show that he was intentionally treated differently from others similarly situated or that he was intentionally discriminated based on his membership in a protected class. Petitioner has failed to allege facts showing that he is entitled to habeas relief for an equal protection violation.

Petitioner has alleged no facts suggesting that a tenable equal protection claim could be stated if leave to amend were granted.

Accordingly, Petitioner's equal protection claim will be dismissed without leave to amend.

V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

7

jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The first amended petition for writ of habeas corpus is DISMISSED without leave to amend; and

2) The Court DECLINES to issue a certificate of

///
///
///

```
appealability; and
     3)   The Clerk is DIRECTED to close the case.
```

IT IS SO ORDERED.

**Dated:   July 26, 2011**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE